UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFC REALTY CAPITAL, INC., | Case No. 2:18-cv-02389-MCE-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SUNDEEP S. DALE; ROHIT RANCHHOD; DALE INVESTMENTS, LLC; SUNDEEP DALE, LLC; CALIFORNIA FRUIT BUILDING, LLC; and AMERICAN HOSPITALITY SERVICES, INC., | |
| Defendants. | |

Plaintiff AFC Realty Capital, Inc. ("Plaintiff") filed the operative Complaint against Defendants Sundeep S. Dale ("Dale"); Rohit Ranchhod ("Ranchhod"); Dale Investments, LLC; California Fruit Building, LLC; and American Hospitality Services, Inc. (collectively "Defendants"). Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 10.[1] For the reasons set forth below, Defendants' Motion is GRANTED with leave to amend.

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff is a New York-based company with Arthur Fefferman ("Fefferman") serving as its president.  It specializes in hotel industry financing and is widely regarded as having special expertise in arranging financing for entities looking to transition properties into the hotel market.  Dale is a California citizen and the principal of California-based companies Dale Investments, LLC, and Sundeep Dale, LLC. Ranchhod is a California citizen and the chief executive officer of the California-based company American Hospitality Services, Inc.  Defendants were engaged in a project to convert the California Fruit Building (located in Sacramento, California) into a Hilton-branded hotel (the "Conversion Project").

Around June 2017, Defendants asked Plaintiff to investigate and secure financing for the Conversion Project.  On July 7, 2017, the parties entered into a written agreement in which Plaintiff agreed to arrange first mortgage construction financing for the Conversion Project (the "Agreement").  Per the Agreement, Plaintiff was to be paid 1.65% of the loan commitment amount, which was to be earned upon Defendants' acceptance of a Loan Commitment on Term Sheet ("Loan Term Sheet") issued by the lender.  On July 11, 2017, Dale and Ranchhod signed the Agreement.  Plaintiff arranged the requested financing through Stonehill Strategic Capital ("Stonehill") based on a Loan Term Sheet dated August 23, 2017, which was allegedly accepted by Dale on August 28, 2017.  According to the Loan Term Sheet, Plaintiff arranged a $22,150,000 loan for Defendants and the Conversion Project.  Per the Agreement, Plaintiff's commission fee was $365,475 (1.65% of $22,150,000) ("Commission Fee").

Around July 19-20, 2018, almost a year later, Plaintiff was informed that Defendants terminated the financing with Stonehill and instead had obtained financing from Farm Credit West.  Plaintiff made oral and written demands (as recent as August 8,

///

---

[2] The following recitation of facts is taken, at times verbatim, from Plaintiff's Complaint. ECF No. 1.

1   2018) to Defendants to pay Plaintiff's Commission Fee as required per the Agreement.

2   Despite these demands, Defendants have refused to issue payment.

3        On August 30, 2018, Plaintiff filed its Complaint, alleging Defendants breached

4   their obligations under the Agreement by failing to pay the Commission Fee earned by

5   Plaintiff.  Plaintiff asserts the following causes of action: (1) Breach of Written Contract,

6   (2) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (3) Restitution

7   Based on Unjust Enrichment.

8

9                                      **STANDARD**

10

11       On a motion to dismiss for failure to state a claim under Federal Rule of Civil

12  Procedure 12(b)(6), all allegations of material fact must be accepted as true and

13  construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

14  Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

15  statement of the claim showing that the pleader is entitled to relief" in order to "give the

16  defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell

17  Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

18  47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

19  detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

20  his entitlement to relief requires more than labels and conclusions, and a formulaic

21  recitation of the elements of a cause of action will not do."  Id. (internal citations and

22  quotations omitted).  A court is not required to accept as true a "legal conclusion

23  couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)

24  (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right

25  to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan

26  Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating

27  that the pleading must contain something more than "a statement of facts that merely

28  creates a suspicion [of] a legally cognizable right of action.")).

1    Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

2    assertion, of entitlement to relief." <u>Twombly</u>, 550 U.S. at 556 n.3 (internal citations and

3    quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

4    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

5    the nature of the claim, but also 'grounds' on which the claim rests." <u>Id.</u> (citing 5 Charles

6    Alan Wright & Arthur R. Miller, <u>supra</u>, at § 1202).  A pleading must contain "only enough

7    facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570.  If the "plaintiffs . . .

8    have not nudged their claims across the line from conceivable to plausible, their

9    complaint must be dismissed." <u>Id.</u>  However, "[a] well-pleaded complaint may proceed

10   even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

11   recovery is very remote and unlikely.'" <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.

12   232, 236 (1974)).

13       A court granting a motion to dismiss a complaint must then decide whether to

14   grant leave to amend.  Leave to amend should be "freely given" where there is no

15   "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

16   to the opposing party by virtue of allowance of the amendment, [or] futility of the

17   amendment . . . ." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Eminence Capital, LLC v.</u>

18   <u>Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to

19   be considered when deciding whether to grant leave to amend).  Not all of these factors

20   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

21   carries the greatest weight." <u>Id.</u> (citing <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183,

22   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

23   "the complaint could not be saved by any amendment." <u>Intri-Plex Techs. v. Crest Group,</u>

24   <u>Inc.</u>, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing <u>In re Daou Sys., Inc.</u>, 411 F.3d 1006,

25   1013 (9th Cir. 2005); <u>Ascon Props., Inc. v. Mobil Oil Co.</u>, 866 F.2d 1149, 1160 (9th Cir.

26   1989) ("Leave need not be granted where the amendment of the complaint . . .

27   constitutes an exercise in futility . . . .")).

28   ///

4

**ANALYSIS**

**A.     Plaintiff Fails to Adequately Plead Whether It Is a Licensed Real Estate Broker**

Defendants first contend the Complaint fails to allege Plaintiff is a licensed real estate broker in New York or California, or that Fefferman is a licensed real estate salesperson in New York or California.  Mot. Dismiss, ECF No. 10, at 2.  Because a California real estate license is required, Defendants claim the Agreement is unenforceable and illegal.  Id. at 2.  "It is unlawful for any person to engage in the business, act in the capacity of, advertise as, or assume to act as a real estate broker or a real estate salesperson within this state without first obtaining a real estate license . . ."  Cal. Bus. & Prof. Code § 10130.  A real estate broker is defined as:

> [A] person who, for a compensation or in expectation of a compensation, regardless of the form or time of payment, does or negotiates to do one or more of the following acts for another or others:
>
> (d) Solicits borrowers or lenders for or negotiates loans or collects payments or performs services for borrowers or lenders or note owners in connection with loans secured directly or collaterally by liens on real property or on a business opportunity.

Cal. Bus. & Prof. Code § 10131(d).

An out-of-state broker who performs all of the regulated services outside of California, even when the subject property is located in California, is not bound by California's licensing requirements since they apply only to business "within the state."  Consul Ltd. v. Solide Enterprises, Inc., 802 F.2d 1143, 1150 (9th Cir. 1986).  An out-of-state broker can recover a commission for services performed outside of California so long as the broker is licensed in the state where the services were performed.  Id. at 1149-51.  Here, the Complaint fails to allege whether Plaintiff or Fefferman are licensed real estate brokers in New York or California.  See Compl., ECF No. 1, at 1 (stating that Plaintiff is a New York-based company only).

5

1    Plaintiff alleges for the first time in its Opposition that it is an out-of-state broker

2    and that Fefferman is a New York-licensed real estate broker.  Pl.'s Opp'n to Mot.

3    Dismiss, ECF No. 12, at 1, 9.  Facts newly alleged in response to a motion to dismiss do

4    not bear on the merits of that motion, and "a court *may not* look beyond the complaint to

5    a plaintiff's moving papers" in ruling on a Rule 12(b)(6) motion.  Schneider v. Cal. Dep't

6    of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (italics in original).  Accordingly,

7    Defendants' motion to dismiss Plaintiff's Complaint on the basis that Plaintiff fails to

8    plead whether it or Fefferman is a licensed real estate broker is granted with leave to

9    amend.

10       **B.    Plaintiff Fails to Adequately Plead Whether It Seeks to Recover a
                 Finder's Fee**
11

12       Defendants next contend that Plaintiff fails to allege it is a finder and thus is not

13   entitled to a finder's fee.  Mot. Dismiss, ECF No. 10, at 9.  A finder is a person who

14   "simply acts as an intermediary or middleman in finding and introducing two parties to a

15   real estate transaction."  Rees v. Dep't of Real Estate, 76 Cal. App. 3d 286, 295

16   (1st Dist. 1977).  The finder "may recover an agreed compensation where he merely

17   finds a buyer, seller, lender, or borrower."  Tyrone v. Kelley, 9 Cal. 3d 1, 11 (1973).

18   Here, Plaintiff failed to identify its Commission Fee as a finder's fee.  In fact, it is unclear

19   whether the Commission Fee is deemed either a brokerage fee or a finder's fee.  See

20   Tyrone, 9 Cal. 3d at 8 (applying different recovery standards to brokers and finders).

21   Accordingly, Defendants' motion to dismiss Plaintiff's Complaint on the basis that Plaintiff

22   fails to plead whether it seeks to recover a finder's fee is granted with leave to amend.

23

24                                    **CONCLUSION**

25

26       For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 10, is

27   GRANTED with leave to amend.  Not later than twenty (20) days from the date of this

28   Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an

1  amended complaint.  If no amended complaint is timely filed, all causes of action

2  dismissed by virtue of this Memorandum and Order will be dismissed with prejudice

3  without further notice to the parties.

4      IT IS SO ORDERED.

5  Dated:  April 8, 2019

6

7  MORRISON C. ENGLAND, JR
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7