UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFC REALTY CAPITAL, INC., | Case No. 2:18-cv-02389-MCE-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| SUNDEEP S. DALE; ROHIT RANCHHOD; DALE INVESTMENTS, LLC; SUNDEEP DALE, LLC; CALIFORNIA FRUIT BUILDING, LLC; and AMERICAN HOSPITALITY SERVICES, INC., | |
| Defendants. | |

Plaintiff AFC Realty Capital, Inc. ("Plaintiff") filed the operative Complaint against Defendants Sundeep S. Dale; Rohit Ranchhod; Dale Investments, LLC; California Fruit Building, LLC; and American Hospitality Services, Inc. (collectively "Defendants"). Presently before the Court is Plaintiff's Motion for Relief (ECF No. 38) from the Court's October 13, 2020 Third Order. Plaintiff seeks relief, pursuant to Federal of Civil Procedure 60(b),[1] from a typographical error that it claims extended the time for completing fact discovery a year longer than the parties intended.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

1    Rule 60(b) permits a party to seek relief from an order entered due to "mistake,
2 inadvertence, surprise or excusable neglect." Because the provision is remedial in
3 nature, it must be "liberally applied". <u>Ahanchian v. Xenon Pictures, Inc</u>., 624 F.3d 1253,
4 1262 (9th Cir. 2010).

5    According to Daniel Foster, counsel for Plaintiff in these proceedings, when he
6 contacted defense counsel Jason Hoffman in September of 2020 to get dates for
7 deposing individual Defendants that October, Hoffman said he was "slammed" because
8 of already scheduled multi-party depositions. As a result, according to Foster, he
9 suggested that the date for fact discovery be extended and Hoffman agreed. Decl. of
10 Daniel J. Foster, ECF No. 38-2, ¶ 4. As a result, by email dated September 30, 2020,
11 Foster told Hoffman that he would "put something together for [his] review" but did not
12 specify any particular date. <u>Id.</u> at Ex. C.

13    The resulting stipulation, as prepared by Foster, extended the date for percipient
14 witness discovery from October 16, 2020, to December 16, 2021, a period of fourteen
15 months. Both counsel signed off on that stipulation on or about October 5, 2020 and, as
16 indicated above, it was approved by the Court on October 13, 2020. After receiving the
17 Court's resulting Order, Foster claims he realized the stipulation contained a scrivener's
18 error in that the December 16, 2021, date for completing discovery should in fact have
19 been December 16, 2020. He explains what happened as follows:

> In drafting the third stipulation, I mistakenly and inadvertently wrote the year 2021, instead of 2020, in connection with the proposed new discovery completion deadline. I initially pondered extending the discovery cutoff to January 16, 2021, but then elected to switch it to December, 2020. However, I mistakenly failed to switch the year from 2021 to 2020 and wrote December 16, 2021 instead of the intended date of December 16, 2020.

25 <u>Id.</u> at ¶ 6.

26    Foster claims he never would have agreed to a fourteen-month extension and had
27 only offered the additional two months as a professional courtesy to Hoffman's schedule
28 in October 2020. When Foster had his paralegal contact attorney Hoffman, however,

Hoffman claimed he never would have agreed to the two-month extension. Id. at Ex. E. Subsequent emails show that when Foster proposed modifying the allegedly erroneous extension to January or February 2021, Hoffman indicated that was not acceptable and instead suggested a cut-off date in June or July 2021. On October 27, 2020, an impasse was reached when Foster stated he would have to file a motion to modify the existing order. Id. Plaintiff's Motion was subsequently filed on December 4, 2020.

At least on the basis of his declaration, attorney Foster's error in transposing "2021" as opposed to "2020" appears uncontroverted. The fact remains, however, that there is no evidence that he discussed a specific new date for completing fact discovery beyond sending over the proposed stipulation for opposing counsel for his review. Given that omission, it is equally hard to question attorney Hoffman's claim that he never would have agreed to a two-month extension had it been offered. Hoffman claims that one of his clients, Defendant Rohit Ranchhod, had not yet recovered from a heart attack at the end of 2020 and that both that incapacity and continuing COVID-19 protocols made scheduling depositions problematic during that short time proposed by Foster, even assuming the January or February 2021 compromise date that Foster offered. See Defs.' Opp'n, ECF No. 40, 1:3-12.

In determining whether neglect on the part of an attorney is excusable for purposes of Rule 60(b), courts must engage in an equitable inquiry that balances the danger of prejudice to the opposing party, the length of the delay involved and its impact upon the proceedings, the reason for the delay, and whether the party seeking relief acted in good faith. Ahanchian, 624 F.3d at 1262. On its facts, Ahanchian is distinguishable because it involved a late-filed opposition to a motion for summary judgment, with the Ninth Circuit finding that the defendant could not have been prejudiced by permitting the opposition to have been filed three days late (the district court had denied permission for a late filing and granted summary judgment in the absence of an opposition). While this case, unlike Ahanchian, involves counsel's alleged reliance on the mistaken date and his claim he will indeed be prejudiced if fact

discovery is shortened, Ahanchian is still important in finding that a calendaring error can indeed constitute excusable neglect under Rule 60(b).  See id.

      Having examined the papers submitted and supporting evidence, this Court concludes that attorney Foster acted in good faith in submitting a stipulation that mistakenly referred to December 16, 2021, as opposed to December 16, 2020.  Since Foster now attempts to advance the mistaken date in rectifying his error, there is no real delay here for purposes of the Ahanchian balancing test enumerated above.  In making a final determination as to excusable neglect, that leaves the question of whether attorney Hoffman will be prejudiced if the time now permitted for fact discovery under the Court's currently operative October 13, 2020 is abbreviated.

      As indicated above, attorney Hoffman previously indicated that moving the deadline to June or July of 2021 was acceptable, and consequently he cannot reasonably claim to be prejudiced by an abbreviated deadline after that time.  The Court therefore finds that excusable neglect has been established for purposes of granting relief at the present time.  Plaintiff's Motion (ECF No. 38) is consequently GRANTED to the extent that the new deadline for completing percipient witness discovery shall be shortened from December 16, 2021 to October 15, 2021.[2]  The remaining provisions contained in the Court's Third Stipulation and Order to Modify Pretrial Scheduling Order (ECF No. 37), however, shall remain in effect.

      IT IS SO ORDERED.

Dated:  August 16, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Having determined that oral argument would not be of material assistance, the Court submitted this matter on the briefs in accordance with E.D. Local rule 230(g).

4